## JOHN SPEARS v. STATE.

No. A-1805.    Opinion Filed April 11, 1914.

(139 Pac. 841.)

1.   RAPE—Sufficiency of Evidence. The evidence tersely stated in opinion held sufficient to support a verdict of guilty of second degree rape.

2.   SAME—Punishment. Judgment and sentence of 25 years' imprisonment held excessive, and sentence reduced to ten years.

*Appeal from District Court, Blaine County;*
*James R. Tolbert, Judge.*

John Spears was convicted of rape in the second degree, and appeals. Modified and affirmed.

*I. H. Lookabaugh,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., and *A. L. Emery,* Co. Atty., for the State.

DOYLE, J. Plaintiff in error, herein referred to as defendant, was by information charged with, and found guilty of,

having accomplished an act of sexual intercourse with a female not his wife, and under 16 years of age. April 15, 1911, was the date of the crime, as alleged in the information. By the judgment of the court rendered on the 5th day of February, 1912, he was sentenced to be imprisoned in the penitentiary for a term of 25 years. To reverse the judgment an appeal by case-made was perfected.

Several errors are assigned, but in the brief filed for defendant but two are discussed: First, that the evidence is insufficient to support the verdict; second, that the sentence is excessive.

Briefly stated, the evidence upon which defendant was found guilty was substantially as follows: The prosecutrix, Susie Gearhart, nee Sullivan, testified that she was born March 11, 1896, and had lived near Greenfield, Blaine county, with her parents since 1909; that defendant worked two or three months for her father in 1910; that he claimed to be a single man, and for several months they went to church and Sunday school together, and later became engaged to be married whenever her parents would consent; that the first act of sexual intercourse occurred in a buggy while they were driving home from church, in the fall of 1910, and the second act occurred in a buggy while they were out driving some time in March, 1911, and, as a result, she became pregnant, and her child was born December 28, 1911; that she married Henry Gearhart in July, 1911. All the evidence tended to prove that the prosecutrix was fifteen years of age March 11, 1911.

All the facts in evidence on the part of the state were admitted by defendant as a witness in his own behalf, except the fact that he had accomplished an act of sexual intercourse with the prosecutrix. He also admitted that, although he promised to marry the prosecutrix, he at that time had a wife and two children in the state of Texas.

In our opinion, there was sufficient evidence to convict the defendant, and it was exclusively for the jury to say whether they would believe the evidence given on behalf of the state, or that of defendant.

The jury were unable to agree on the punishment, and the judgment of the court imposing upon defendant a sentence of imprisonment for a term of 25 years is claimed to be excessive.

It is both the spirit and intention of our laws that sentences shall be imposed in criminal cases for the protection of society and the reformation of the criminal, and sentences should be imposed in keeping with the spirit of the law. In view of the fact that the prosecutrix became the wife of another man before making complaint, and the fact that defendant, unable to give bail, has already been confined for more than two years in the county jail, and as the record shows he is now 40 years of age, we think that ten years' imprisonment in the penitentiary will be as much protection to society and do him as much good as would 25. Carrying the sentence, thus modified, into execution will be sufficient, we think, to teach defendant his duties and obligations to his family and those about him, and possibly imbue him with some other and better notions than those only of gratifying his lust and sensual passions.

The judgment and sentence herein will therefore be modified by reducing the sentence to a term of ten years, said term to, begin to run upon the delivery of defendant to the warden of the penitentiary at McAlester, and, as thus modified, the judgment of conviction is affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.